## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL TAYLOR,** ) <br> **on behalf of himself and all others** ) <br> **similarly situated,** ) <br> ) <br>           **Plaintiff,** ) <br>   **vs.** ) <br> ) <br> **SCREENING REPORTS, INC.,** ) <br> ) <br>         **Defendant.** ) <br> ) | **Civil Action No. 11-4495** <br><br> **CLASS ACTION** |

## CLASS ACTION COMPLAINT

## I.    PRELIMINARY STATEMENT

1.    This is a consumer class action based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Plaintiff brings this action on behalf of numerous tenant-applicants who have been the subject of inaccurate, prejudicial, misleading and unlawful background reports prepared by the Defendant and sold to landlords. Defendant has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting adverse public record information. When consumers such as Plaintiff are denied an apartment lease due to Defendant's report they have the right to obtain free of charge a complete and accurate record of all information in their file with Defendant and to dispute and correct any inaccurate information. Despite the glaring errors on its consumer reports, for consumers such as Plaintiff, Defendant deprives consumers of access to their files and their FCRA-mandated statutory rights advising them how to correct inaccurate information. As a result, consumers who are entitled to receive copies of their credit files from Defendant pursuant to section 1681g of the FCRA are deprived of complete and proper disclosures, and are unable to adequately verify and/or dispute the information that Defendant is selling to landlords.

## II.   JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.   PARTIES

4.      Plaintiff Michael Taylor is an adult individual who resides in Stone Mountain, GA  30083-3120.

5.      Defendant Screening Reports, Inc. ("SRI") is a corporation doing business in Philadelphia County, Pennsylvania, with a primary place of business at 550 American Avenue, Suite 203, King of Prussia, PA  19406.

## IV.   FACTUAL ALLEGATIONS

### A.   Defendant's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Reports To Landlords

6.      At all times pertinent hereto, Defendant was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

7.       At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681a(c) of the FCRA.

8.      Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

9.      Defendant investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individual consumers.

10.     From its files, Defendant sells consumer reports to potential landlords wishing to investigate the criminal record history, or lack thereof, of various tenant-applicants.  According to Defendant's website, Defendant represents that its reports and services: "Avoid the risk of

2

renting to potentially dangerous tenants and provide a crime-free environment quality renters look for. . . . Our criminal searches are supported by leading edge technology and unsurpassed customer service. . . . Applicant screening and selection is one of the most important responsibilities property owners and managers face on a daily basis.  Make sure you're getting the most complete, in depth and up-to-date information available in the marketplace today." *See* www.screeningreports.com/servicescriminal.cfm.

11.     When a CRA furnishes a consumer report for tenant-screening purposes and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain housing, the CRA is required to maintain reasonable procedures designed to assure that whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain housing is reported, that information is accurate, complete and up-to-date.  15 U.S.C. § 1681e(b); *see also* 15 U.S.C. § 1681c.

12.     The FCRA also provides that consumers, whether they are the victims of inaccurate information on their reports or not, have the right to request and obtain free of charge once every 12 months a complete copy of all information in their file with a CRA such as Defendant.  15 U.S.C. § 1681g(a)(1).

13.     Defendant intentionally takes steps to lead consumers into believing that they cannot obtain a copy of their SRI report.  For example, Defendant's website provides no address or toll-free telephone number that consumers may use to request their SRI report or to dispute any inaccuracies on their SRI report.

14.     When consumers such as Plaintiff contact SRI directly, usually after adverse action is taken against them by a landlord, in order to find out where and how Defendant

3

obtained inaccurate information about them and to request a copy of their file, or for any other reason, Defendant refuses, as a matter of policy and practice, to provide consumers with a complete and proper copy of their SRI file as required by the FCRA at 15 U.S.C. § 1681g(a)(1).

15. Moreover, and in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers the summary of their rights under the FCRA as prepared by the Federal Trade Commission, thus further limiting a consumer's ability to correct any error reported by Defendant against him or her.

16. Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a list of all federal agencies responsible for enforcing any provision of the FCRA, as well as the address and any appropriate telephone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency.

17. Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a statement that the consumer may have additional rights under state law, and that the consumer may wish to contact a state or local consumer protection agency or a state attorney general (or the equivalent thereof) to learn of those rights.

18. Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

19.     By depriving consumers of these statutorily-mandated rights, Defendant seeks to save printing costs associated with making the FCRA-mandated disclosures available to consumers, and, more importantly, the administrative and compliance costs that are associated with correcting errors on credit reports.

20.     Defendant's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer tenant-applicants and interstate commerce.  When consumers such as Plaintiff, who have no criminal history, have been reported as having criminal records they are viewed as less desirable tenant-applicants and more likely not to be approved for housing by the landlords who pay Defendant for such reports.

21.     Further, such consumers are prejudiced in their ability to adequately determine whether the information is being properly reported.  Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late to correct the contents of the report because it has already been sold to the landlord by the Defendant and has formed the basis of a decision whether to provide housing to the applicant.

**B.      The Experience Of The Representative Plaintiff**

22.     Unbeknownst to Plaintiff Taylor, a separate, unrelated individual with a similar name was convicted of one misdemeanor and five felonies in the 1980s through 1990s, including the following convictions:

- 12/26/88   Felony– Robbery;
- 7/9/89       Misdemeanor – Obstruction of Law Enforcement Officer;
- 7/9/89       Felony – Attempted Robbery;
- 7/30/92     Felony – Criminal Solicitation;
- 12/14/96   Felony – S/D Cocaine; and
- 2/23/98     Felony – Registered Sex Offender.

23.     Mr. Taylor is not a registered sex offender, nor does he have a criminal history of any kind.  Further, he is not acquainted with and has never met this other individual to his knowledge.

24.     In or around August 2010, Mr. Taylor applied for an apartment with Silverleaf Apartments.

25.     In connection with Mr. Taylor's application, Silverleaf Apartments ordered a background consumer report from Defendant.

26.     Defendant assembled, prepared and sold to Silverleaf Apartments a background check consumer report on Mr. Taylor in August 2010.

27.     The report was not accurate, complete or up-to-date.  The report improperly disclosed the convictions listed in paragraph 23; it inaccurately stated that Plaintiff was a convicted felon and registered sex offender.

28.     Based upon information and belief, Defendant's usual practice is to place upon the consumer report of every apartment applicant named "Michael Taylor" the false criminal history that it placed upon Plaintiff's report.

29.     The practice of confusing the identities of individuals with the same or similar name is widespread in the credit reporting industry, but unlawful under the FCRA and Federal Trade Commission's regulations.

30.     Plaintiff was denied the apartment from Silverleaf Apartments due to Defendant's false "criminal records match."

31.     Subsequently, Plaintiff contacted to Defendant and requested a copy of his complete file, seeking to correct the errors, on several occasions, including on or about January 4, 2011.

32.     Consistent with its policies and practices, Defendant failed to provide to Plaintiff his SRI file and the information that he is entitled to under FCRA section 1681g or to process any dispute on his behalf.

33.     Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for housing who had inaccurate adverse information that was deliberately, knowingly and recklessly reported by Defendant to prospective tenants.

34.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

35.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V.     CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action individually and as a class action for Defendant's willful violation of the FCRA, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

(a)     All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of a tenant-screening consumer report prepared by Defendant;

(b)     All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the

conclusion of this action, made any documented request with Defendant for a copy of their file; and/or

(c)      All natural persons named "Michael Taylor," but excluding the Michael Taylor with the criminal history enumerated at paragraph of this Complaint, residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of a tenant-screening consumer report prepared by Defendant.

36.      The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the hundreds or thousands.  Defendant sells criminal record history information to thousands of businesses throughout the country, and its reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

37.      There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal question is whether the Defendant willfully violated the FCRA by failing to provide FCRA-mandated disclosures as required by FCRA section 1681g and by confusing the identities of numerous persons named Michael Taylor.

38.      Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

39.      Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has secured counsel experienced in

handling consumer class actions.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

40.    This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

41.    A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI.    COUNT ONE - FCRA

42.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.    Defendant is a "person" and "consumer reporting agency" as those terms are defined by sections 1681a(b) and (f) of the FCRA.

44.    Plaintiff is a "consumer" as that term is defined by section 1681a(c) of the FCRA.

45.    The above-mentioned credit reports are "consumer reports" as that term is defined by section 1681a(d) of the FCRA.

46.    Pursuant to section 1681n of the FCRA, Defendant is liable for willfully violating the FCRA by engaging in the following conduct:

(a)      failing to disclose to consumer all information in their credit file, in violation of 15 U.S.C. § 1681g(a)(1);

(b)      failing to provide to consumers the summary of their rights under the FCRA as prepared by the Federal Trade Commission, in violation of 15 U.S.C. § 1681g(c)(2);

(c)      failing to provide to consumers a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours, in violation of 15 U.S.C. § 1681g(c)(2);

(d)      failing to provide to consumers a list of all federal agencies responsible for enforcing any provision of the FCRA, as well as the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency, in further violation of 15 U.S.C. § 1681g(c)(2);

(e)      failing to provide to consumers a statement that the consumer may have additional rights under state law, and that the consumer may wish to contact a state or local consumer protection agency or a state attorney general (or the equivalent thereof) to learn of those rights, in further violation of 15 U.S.C. § 1681g(c)(2); and

(f)      failing to provide to consumers a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under 15 U.S.C. § 1681c or cannot be verified, in further violation of 15 U.S.C. § 1681g(c)(2).

47.      Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for willfully and/or negligently violating FCRA section 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the reports it sell to third parties.

## VII.   JURY TRIAL DEMAND

48.   Plaintiff demands trial by jury on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor and for the Classes as follows:

(a)     That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Classes;

(b)     That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c)     That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d)      That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n(a)(1) and/or 1681o(a)(1);

(e)     That the Court award Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and o; and

(f)     That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

By:     /s/ James A. Francis
JAMES A. FRANCIS
JOHN SOUMILAS
GEOFFREY H. BASKERVILLE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

Dated: July 14, 2011                    *Attorneys for Plaintiff and the Classes*

11